FILED

DEC 2 6 2013

Clerk, U.S. District and
Bankruptcy Courts

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLUMBIA

DAVID WILSON,

      PLAINTIFF,

      VS.

UNITED STATES DEPT. OF JUSTICE,  )

EXECUTIVE OFFICE OF U.S. ATTORNEYS, )

      DEFENDANT.

Case: 1:13-cv-02053
Assigned To : Boasberg, James E.
Assign. Date : 12/26/2013
Description: FOIA/PRIVACY ACT

(Jury Trial Requested)

## COMPLAINT FOR DECLARARY AND INJUNCTIVE RELIEF

NOW COMES the plaintiff, David Wilson, pro se and pursuant
to 5 USC § 552(a)(4)(B), 5 USC § 552a, and any and all other
applicable authority, hereby moves this Honorable Court to
issue its Order declaring that the defendant has improperly
withheld requested records in violation of the aboved referenced
statutes, and further, to Order that the defendant turn over to
the plaintiff forthwith the requested records, or in the
alternative, to turn over the requested records to this Court
for in camera review and judicial determination as to whether
the plaintiff is entitled to the requested records.

## STATEMENT OF THE FACTS

1. In a Freedom of Information Act (FOIA) and Privacy Act
(PA) request dated January 8, 2013, plaintiff requested from the
Executive Office For United States Attorneys (EOUSA) the recording,

RECEIVED

NOV 2 5 2013

Clerk, U.S. District and
Bankruptcy Courts

DEC 1 8 2013

RECEIVED
Mail Room

AUG 5 2013

Angela D. Caesar, Clerk of C
U.S. District Court, District of Colu

from a recording device and transmitter worn be a confidential informant by the name of Bobby Capies during a law enforcement operation conduct on June 14, 1999, by State and Federal Agents. Please See Appendix A.

2. The information/record requested contains exculpatory evidence in which government counsel improperly withheld from the defense during the prosecution of the plaintiff in criminal case no. 1:05-cr-00100-RWR-2, United States District Court, District of Columbia.

3. The improperly withheld evidence supports the plaintiff's claim of innocence concerning the shooting deaths of Ronnie Middleton and Sabrina Bradley on August 17, 1998, in which the plaintiff was convicted in the above referenced case.

4. Pursuant to Rules, Statutes, and Constitutional provisions governing criminal proceedings, the requested record/information is exculpatory and should have been disclosed to the defense during the criminal proceedings.

5. Because government counsel improperly withheld this exculpatory evidence from the defense during the criminal proceedings, plaintiff was denied his right to raise a complete defense at the trial and refute the government's erroneous theory that resulted in conviction for crimes that the plaintiff did not commit, and did not play any role in.

6. In a response dated February 27, 2013, the EOUSA claimed that, inter alia, "Since you have not furnished a release, death certificate, or public justification for release, the release of records concerning a third party would result in an unwarranted

2

invasion of personal privacy and would be in violation of the
Privacy Act, 5 USC § 552a. These records are also generally
exempt from disclosure pursuant to section (b)(6) and (b)(7)(C)
of the FOIA, 5 USC § 552." See Appendix B.

7. For the reasons stated above, the EOUSA claim of
exemption is erroneous. Moreover, the public has a significant
interest in seeing that its government is not convicting innocent
American Citizens, based on corruption in the truth seeking
process. Withholding exculpatory evidence is corruption in the
truth seeking process, and as the instant case demonstrates,
results in conviction of one who is actually innocent.

8. In a FOIA/PA Appeal dated March 26, 2013, the plaintiff
appealed the EOUSA's denial of his FOIA/PA request to the head
of the Agency. See Appendix C.

9. In a response dated July 2, 2013, the Agency Head
affirmed the decision of the EOUSA to deny the plaintiff the
requested record/information. See Appendix D.

10. In its decision, the Agency Head stated, inter alia,
"Although you claim that any potentially responsive records
contain exculpatory material that should have been disclosed
during your criminal trial pursuant to Brady v Maryland, you
provide no support for this contention." See Appendix D.

11. Contrary to the Agency Head response, plaintiff's
criminal trial is a matter of public record. Moreover, the EOUSA
possesses the requested record/information and it is well aware
that the requested record/information is exculpatory, and thus,
should have been disclosed to the defense during the criminal

proceedings under the Federal Constitution and law of the United States as interpreted by the United States Supreme Court.

12. Thus, the records requested by the plaintiff are in the possession, custody, and control of the EOUSA.

13. The EOUSA is improperly withholding the requested records in which the plaintiff is entitled.

14. This Court has the authority to enjoin the EOUSA from improperly withholding the requested records, and in the interest of justice it should.

WHEREFORE the plaintiff respectfully moves this Honorable Court to:

(1) Declare that the actions of the EOUSA in failing to turn over the requested records to the plaintiff is arbitrary, capricious, and improper;

(2) Direct the EOUSA to turn over to the plaintiff the true and correct contents of the requested record in the manner in which it was obtained and recorded, without any further delay;

(3) And any and all such other relief, includign in camera review of the requested record, that this Honorable Court may deem just and proper, all premises considered.

Respectfully Submitted

David Wilson, pro se
ID No. 01503-748
USP McCreary, P.O. Box 3000
Pine Knot, Kentucky 42635

4

UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

DAVID WILSON,                          )
                                       )
        PLAINTIFF,                     )
                                       )
        VS.                            ) CASE NO._____
                                       )
UNITED STATES DEPT. OF JUSTICE,        )
                                       )
EXECUTIVE OFFICE OF U.S. ATTORNEYS,)
                                       )
        DEFENDANT._____  )

APPENDIX

TO

MOTION FOR DECLARARY AND INJUNCTIVE RELIEF

A. Plaintiff's January 8, 2013 FOIA/PA Request to EOUSA;

B. EOUSA Response/Denial of Records dated February 27, 2013;

C. Plaintiff's FOIA/PA Appeal dated March 26, 2013;

D. Agency Head Response/Denial of Records dated July 2, 2013.

APPENDIX A

## FREEDOM OF INFORMATION ACT REQUEST

Agency: Executive Office For United States Attorneys
        600 E. Street N.W., Rm. 7300 BICN
        Washington, D.C. 20530

Requester: David Wilson, ID no. 01503-748
           USP McCreary, P.O. Box 3000
           Pine Knot, Kentucky 42635

Date: January 8, 2013

Re: Freedom of Information/Privacy Act Request
    (5 U.S.C. §§ 552, 552a)


       Dear Sir or Madam:
       On August 17, 1998, Ronnie Middleton and Sabrina Bradley
were shot to death by a firearm at 1527 Congress Place S.E. (South
side of the street). I was indicted and prosecuted for the deaths
of MIddleton and Bradley in case no. 1:05-cr-00100-RWR-2, United
States District Court, District of Columbia.
       In an attempt to gain information into the murders of
Middleton and Bradley, the Bureau of Alcohol, Tobacco and
Firearms (ATF) accompanied by D.C. Metropolitan law enforcement
Officers Detective Micheal Will and Agent Hester engaged in an
Operation on June 14, 1999, that also involved an alleged
confidential informant (CI) by the name of Bobby Capies.
       Specifically, Bobby Capies was outfitted with a body
recording device and transmitter. Capies was then transported
to the immediate area of the 1300 block of Congress Place and
instructed to locate Antonio Roberson and engage him in
conversation.
       Capies located Roberson in the 1300 block of Savannah
Street, and engaged in a conversation with Roberson. The
conversation was recorded, and at approximately 1040 hours,
the agents picked up Capies, turned off the body recorder and
Agent Hester retrieved the body recorder. Capies was then
debriefed and stated that he had met with Antonio Roberson as
instructed and engaged him in conversation regarding the
murders of Middleton and Bradley.
       While I was prosecuted and convicted of the murders of
Middleton and Bradley, the prosecution never disclosed the
June 14, 1999, body recorded conversation between Capies and
Roberson. I believe the said body recording was exculpatory and
should have been disclosed during the criminal proceedings.
Therefore, I am hereby requesting your agency (i.e., the
prosecuting agency) provide me with the June 14, 1999, body
recorder conversation between Bobby Capies and Antonio Roberson,
regardless of form (i.e., electronical or otherwise).


                              _____
                              David Wilson

**APPENDIX B**

U.S. Department of Justice

Executive Office for United States Attorneys
Freedom of Information & Privacy Staff
600 E Street, N.W., Suite 7300, Bicentennial Building
Washington, DC 20530-0001
(202) 252-6020   FAX: 252-6047   (www.usdoj.gov/usao)

FEB 2 7 2013

Requester: David Wilson

Request Number: 2013-340

Subject of Request:   CI Recording/Third Parties

Dear Requester:

The Executive Office for United States Attorneys has received your Freedom of Information Act request and assigned the above number to the request.

You have requested records concerning a third party (or third parties). Records pertaining to a third party generally cannot be released absent express authorization and consent of the third party, proof that the subject of your request is deceased, or a clear demonstration that the public interest in disclosure outweighs the personal privacy interest and that significant public benefit would result from the disclosure of the requested records. Since you have not furnished a release, death certificate, or public justification for release, the release of records concerning a third party would result in an unwarranted invasion of personal privacy and would be in violation of the Privacy Act, 5 U.S.C.§ 552a. These records are also generally exempt from disclosure pursuant to sections (b)(6) and (b)(7)(C) of the Freedom of Information Act, 5 U.S.C. § 552.

We will release, if requested, any public records maintained in our files, such as court records and news clippings, without the express authorization of the third party, a death certificate, or public justification for release. If you desire to obtain public records, if public records exist in our files, please reply with a letter asking for the public documents. **Please send your letter to the address above.**

Should you obtain the written authorization and consent of the third party for release of the records to you, please submit a new request for the documents accompanied by the written authorization. A form is enclosed to assist you in providing us the authorization and consent of the subject of your request. Your name should appear in the section titled "Optional." The authorization must be notarized or signed under penalty of perjury pursuant to 18 U.S.C. § 1001. **Please send your new request to the address above.**

[   ]   Please note that your original letter was split into separate files ("requests"), for processing purposes, based on the nature of what of what you sought. Each file will have a separate Request Number (listed below), for which you will receive a separate response: NOT SPLIT

(Page 1 of 2)
Form No. 006 - 6/12

FEB 2 7 2013

This is our final action on this above-numbered request. You may appeal this decision in this matter by writing to the **Office of Information Policy, Department of Justice, 1425 New York Avenue, Suite 11050, Washington, D.C. 20530-0001**.   Both the envelope and the letter of appeal should be marked "FOIA Appeal."  Your appeal must be received by OIP within 60 days from the date of this letter. If you are dissatisfied with the results of any such administrative appeal, judicial review may thereafter be available in U.S. District Court.  28 C.F.R. § 16.9.

Sincerely,

Susan B. Gerson
Assistant Director

Enclosure

APPENDIX C

## FOIA APPELA

Agency: Executive Office For United States Attorneys
         Office of Information Policy
         Department of Justice
         1425 New York Avenue, Suite 11050
         Washington, D.C. 20530-0001

Appellant: David Wilson, ID No. 01503-748
           USP McCreary, P.O. Box 3000
           Pine Knot, Ky 42635

Date: March 26, 2013

Re: Request No. 2013-340

Subject: Improperly withheld evidence in criminal
         trial (Brady and Giglio information.


        Dear Agency Head:
        This is a FOIA/PA Appeal pursuant to 5 USC §§ 552 & 552a.
Specifically, in a FOIA/PA Request dated January 8, 2013, Wilson
requested the transcript or recording of a 1999 controlled
operation involving Bobby Capies and which was material exculpatory
evidence that should have been disclosed to the defense during the
criminal proceedings againt Wilson pursuant to Brady v Maryland,
FRCrP 16, and other applicable authority, but was improperly
withheld by the prosecution.
        In a Response dated February 27, 2013, the Agency denied
Wilson's request alleging that the requested information is
exempt from disclosure pursuant to 5 USC § 552a, and 5 USC § 552
(b)(6) and (b)(7)(C). For the following reasons, Wilson proffers
that the requested information is being improperly withheld:
        Specifically, Wilson was convicted in November 2007
(Case No. 05-100-RWR-2) in the United States District Court for
the Federal Circuit (District of Columbia) for aiding and abetting
the murders of Ronnie Middleton and Sabrina Bradley. Bobby Capies
was the prosecution's key witness on the murder counts. However,
the prosecution improperly withheld, inter alia, the recording
because this evidence refuted the prosecution's theory of the
case.
        After Wilson was convicted, and through a FOIA request
submitted to the D.C. Metro Politian Police Department, Wilson
was provided information concerning the Controlled operation
involving Bobby Capies, and the body recording that he was
wearing while eliciting information for law enforcement concerning
the murders for which Wilson was convicted.
        Thus, Wilson was denied a fair trial and was convicted of
participating in the Middleton and Bradley murders for which he
is not guilty. When innocent American Citizens are convicted of
serious crimes [only] because the prosecution improperly withheld

exculpatory evidence, the public interest in disclosure far
outweighs the withholding of the requested information. For
disclosure of the improperly withheld evidence will result in
reversal of Wilson's conviction on the murders because Wilson
is [actually innocent] of the crime.

      Therefore, Wilson hereby appeals the denial of his
FOIA/PA Reqeust.

_____
David Wilson

**APPENDIX D**



**U.S. Department of Justice**

Office of Information Policy
*Suite 11050*
*1425 New York Avenue, NW*
*Washington, DC  20530-0001*

*Telephone: (202) 514-3642*

**July 2, 2013**

Mr. David Wilson
Register No. 01503-748
United States Penitentiary                    Re:      Appeal No. AP-2013-02872
Post Office Box 3000                                    Request No. 2013-340
Pine Knot, KY  42635                                   SRO:SVR

**VIA:  U.S. Mail**

Dear Mr. Wilson:

      You appealed from the action of the Executive Office for United States Attorneys (EOUSA) on your request for access to body recording records concerning Bobby Capies located in the United States Attorney's Office for the District of Columbia.

      After carefully considering your appeal, I am affirming EOUSA's action on your request. The FOIA provides for disclosure of many agency records.  At the same time, Congress included in the FOIA nine exemptions from disclosure that provide protection for important interests such as personal privacy, privileged communications, and certain law enforcement activities.

      To the extent that responsive records exist, without consent, proof of death, official acknowledgment of an investigation, or an overriding public interest, disclosure of law enforcement records concerning an individual could reasonably be expected to constitute an unwarranted invasion of personal privacy.  See 5 U.S.C. § 552(b)(7)(C).  Because any records responsive to your request would be categorically exempt from disclosure, EOUSA properly asserted Exemption 7(C) and was not required to conduct a search for the requested records. See Blackwell v. FBI, 646 F.3d 37, 41-42 (D.C. Cir. 2011) (upholding agency's refusal to conduct a search for law enforcement records pertaining to named third parties because such records are categorically exempt from disclosure in the absence of an overriding public interest).

      Although you claim that any potentially responsive records contain exculpatory material that should have been disclosed during your criminal trial pursuant to Brady v. Maryland, you provide no support for this contention.

      Please be advised that this Office's decision was made only after a full review of this matter.  Your appeal was assigned to an attorney with this Office who thoroughly reviewed and analyzed your appeal, your underlying request, and the actions of EOUSA in response to your request.

- 2 -

If you are dissatisfied with my action on your appeal, the FOIA permits you to file a lawsuit in federal district court in accordance with 5 U.S.C. § 552(a)(4)(B).

For your information, the Office of Government Information Services (OGIS) offers mediation services to resolve disputes between FOIA requesters and Federal agencies as a non-exclusive alternative to litigation.  Using OGIS services does not affect your right to pursue litigation.  The contact information for OGIS is as follows:  Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 301-837-1996; toll free at 1-877-684-6448; or facsimile at 301-837-0348.

Sincerely,

Sean R. O'Neill
Chief
Administrative Appeals Staff