THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DAVID WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 13-2053 (JEB) |
| ) | |
| UNITED STATES DEPARTMENT OF JUSTICE, ) | |
| *et. al.*, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S REPLY
IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendant respectfully submits this reply in support of its Motion for Summary Judgment filed on February 6, 2014 (ECF No. 8). In this case brought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, Plaintiff seeks from the Department of Justice (DOJ) and the Executive Office of United States Attorneys (EOUSA) a recording of an alleged conversation between a confidential informant and another individual. *See* Compl., ECF No. 1 ¶ 1 & ECF No. 8, Exhibit A (copy of FOIA request). EOUSA denied Plaintiff's request without conducting a search, citing to FOIA Exemption 7(C), 5 U.S.C. § 552(b)(7)(C), which protects the personal privacy of individuals named in law enforcement records. *See* ECF No. 8, Declaration of David Luczynski ¶¶ 11-15. EOUSA's response properly refused to confirm the existence of the recording because doing so would disclose the related details of the third parties' role in the murder investigation, information that is itself exempt under 7(C).

In Plaintiff's Response to the Defendant's Motion for Summary Judgment (ECF No. 10), Plaintiff alleges the requested recording occurred on June 14, 1999 and involves two parties, Bobby Capies (an undercover informant) and Antonio Dan Roberson. ECF No. 10 at 5. Plaintiff

argues Bobby Capies, in the alleged audio recording, captured the statement of Antonio Dan Roberson which Plaintiff suggests, exonerates him from a crime. *Id.* at 6. Plaintiff alleges that Bobby Capies is no longer an undercover informant based on his testimony at Plaintiff's criminal trial, and has been further exposed in documents released by the Defendant. *Id.* at 6 and Attachment A. Plaintiff indicates Antonio Dan Roberson is deceased and attaches a "Homegoing Service for Antonio Dan Roberson." *Id.* at 7 and Attachment B.

In sum, Plaintiff appears to make three arguments in his reply to Defendant's Motion for Summary Judgment and withholdings under FOIA exemption 7(C). First, Bobby Capies and Antonio Roberson are parties to an alleged audio recorded conversation which took place on June 14, 1999. Second, Bobby Capies is no longer an undercover informant. Third, Antonio Roberson is deceased and no longer has a privacy interest.

## I. Plaintiff's Assertion That Audio Recording's Participants Were Bobby Capies and Antonio Roberson.

First, Plaintiff claims the participants of a June 14, 1999 audio recording, merely mentioned in one of his attached documents, were Bobby Capies, a confidential informant, and Antonio Roberson. ECF 10 at 5 and Compl., ECF 1 at 1.  EOUSA cannot conduct a search without providing potential clarity on the identity of a confidential informant, who Plaintiff claims, without support, is Bobby Capies. EOUSA properly denied Plaintiff's FOIA request pursuant to FOIA Exemption 7(C) without conducting a search or confirming the existence of the recording that Plaintiff seeks. *See* Luczynski Decl. ECF No. 8 ¶¶ 10-16 & Exhibit E. The D.C. Circuit has previously upheld an agency's refusal to search under third party names when doing so would only add information protected by Exemption 7(C).  *See Blackwell v. FBI*, 646 F.3d 37, 42 (D.C. Cir. 2011).  FOIA Exemption 7 protects "records or information compiled for

law enforcement purposes…" 5 U.S.C. §(b)(7). EOUSA properly determined the requested records were compiled for law enforcement purposes. *See* Luczynski Decl. ECF No. 8 ¶¶ 10,13.

In Plaintiff's complaint, he specifically requested "the recording from a recording device and transmitter worn by a confidential informant by the name of Bobby Capies during a law enforcement operation on June 14, 1999." *See* Compl., ECF 1 at 1. Plaintiff asserts in his reply that Bobby Capies "has been further exposed in documents released by the Defendant." ECF 10 at 6. The documents Plaintiff attaches to his reply are redacted versions of documents released at his criminal trial (Unknown where stated redactions came from).  The first is a May 13, 1999 District of Columbia Metropolitan Police Department (DCMPD) document which mentions Bobby Capies providing information regarding the case against the Plaintiff. The second is a June 14, 1999 DCMPD document that mentions a confidential informant conducting an undercover operation and creating an audio recording also relating to the case against Plaintiff. *Id.* at Attachment A (both documents under Attachment A). During Plaintiff's criminal trial, less-redacted versions of both of these documents were released on December 30, 2009 under case 1:05-cr-00100-RWR, ECF 1358-Exhibits 1 and 2. *See* Attachments #1 and #2.

The June 14, 1999, document released at Plaintiff's criminal trial only mentions DCMPD operation in conjunction with members of the Bureau of Alcohol, Tobacco, and Firearms and Explosives (ATF) involving a "confidential source's" conversations with Antonio Roberson. *See* Attachment #2; *See also* ECF 10 at Attachment A. The May 13, 1999, DCMPD document involving an interview of Bobby Capies does not mention June 14, 1999, the ATF, or any future operation involving Bobby Capies. *See* Attachment #1; *See also* ECF 10 at Attachment A. In sum, the June 14, 1999, document put forth at the Plaintiff's criminal trial only acknowledges Antonio Roberson's inclusion in a June 14, 1999, audio recording.

Plaintiff specifically alleges the recording was not disclosed during his criminal trial. *See*, e.g., Compl., ECF No. 1 ¶¶ 5,7. Plaintiff cannot expand on the limited disclosures in his criminal proceedings by seeking additional details not previously released in official and documented releases. As mentioned in Defendant's Motion for Summary Judgment, this Circuit's public domain cases require a FOIA requestor to produce evidence that the allegedly public information is as specific as the information being withheld, matches the information previously disclosed, and "has already been made public thorough an "official and documented disclosure." *Public Citizen v. Department of State*, 11 F.3d 198, 202 (D.C. Cir. 1993); *See also* ECF No. 8 ¶ 19. Plaintiff also bears the burden of pointing to the exact information that is both requested and already in the public domain due to a disclosure *by the same agency*. *Valfells v. CIA*, 717 F. Supp. 2d 110, 117 (D.D.C. 2010); See also ECF No. 8 ¶ 20. Plaintiff is unable to provide any public acknowledgement or disclosure by Defendants that Bobby Capies is the confidential informant referenced in June 14, 1999, interview. No matter how Plaintiff feels he was able to piece together pieces of information, he offers no evidence that a disclosure was made by the Defendants. Therefore, the audio recording Plaintiff seeks is precisely the type of information which falls under FOIA exemption 7(C) and a "*Glomar Response*," neither confirming nor denying the requested information exists.  Notwithstanding the privacy interests of the third-party individuals, Defendant's mere search for the requested June 14, 1999, audio recording on Bobby Capies would provide clarity on the identity of the confidential informant mentioned in the June 14, 1999 interview; either confirming Bobby Capies is the confidential informant or allowing for future FOIA "fishing" requests alleging another named person is the "confidential informant."

## II. Status and Privacy of Confidential Informant In Audio Recording

Plaintiff next argues the confidential informant in the June 14, 1999 interview, who he alleges is Bobby Capies, is no longer an undercover informant because of his testimony at the criminal trial of the Plaintiff and exposure through documents released by the Defendant. ECF No. 10 at 6. The confidential informant's privacy interests under 7(C) remain even if he testified in open court. *See* Defendant's Motion for Summary Judgment, ECF No. 8 ¶ 18. Similarly, the "disclosure of one piece of information received from a particular party- and even the disclosure of that party as its source – does not prevent that party from being a "confidential source" for other purposes." See *Id.*, citing *Shaw v. FBI*, 749 F.2d 58, 62 (D.C. Cir. 1984).

"Courts in this Circuit have consistently held that where an individual seeks law enforcement records that implicate the privacy interests of a third party, the requester bears the burden of asserting the public interest at play." *Graff v. FBI*, 822 F. Supp. 2d 23, 33 (D.D.C. 2011). Plaintiff must "(1) 'show that the public interest sought to be advanced is a significant one, an interest more specific than having the information for its own sake,' and (2) 'show the information is likely to advance that interest.'" *Boyd v. Criminal Div. of U.S. Dep't of Justice*, 475 F.3d 381, 387 (D.C. Cir. 2007) (quoting *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 172 (2004)). Here, Plaintiff has not alleged any public interest sufficient to overcome the Bobby Capies' privacy interests. Plaintiff solely argues the requested recording is exculpatory and exonerates him from a crime in which he was wrongly convicted. *See* Compl. ECF No. 1; *See also* ECF No. 10 at 6. As mentioned in the Motion for Summary Judgment, an individual's personal interest in challenging his criminal conviction is not a public interest under FOIA because it reveals "little or nothing about an agency's own conduct." *Willis v. United*

*States DOJ*, 581 F. Supp. 2d 57, 76 (D.D.C. 2008) (quoting *DOJ v. Reporters Comm. For Freedom of the Press*, 489 U.S. 749, 773 (1989)), cited in ECF No. 8 ¶ 21.

Moreover, to the extent that Plaintiff claims he knows the identity of the informant, he cannot overcome an informant's privacy interests by claiming that he already knows their identity. *Pugh v. FBI*, 793 F. Supp. 2d 226, 233 (D.D.C 2011) *See Wiggins v. Nat'l Credit Union Admin.*, 2007 U.S. Dist. LEXIS 6367 (D.D.C. Jan. 30, 2007) (rejecting requester's challenge to Glomar response notwithstanding fact that "some of the third party information was disclosed at [his] criminal trial"); *Fischer v. U.S. Dep't of Justice*, 596 F. Supp. 2d 34, 48 (D.D.C. 2009) (affirming FBI's Glomar response to request for records pertaining to third parties involved in requester's criminal trial, including cooperating witnesses); *Butler v. Drug Enforcement Admin.*, 2005 U.S. Dist. LEXIS 40942 (D.D.C. Feb. 16, 2006) (upholding a Glomar response even though third parties were known to requester and testified at his criminal trial). Courts have also held that an individual's Exemption 7(C) privacy interest likewise is not extinguished merely because a requester might on his own be able to "piece together" the identities of third parties whose names have been protected. *Weisberg v. DOJ*, 745 F.2d 1476, 1491 (D.C. Cir. 1984); *Judicial Watch, Inc. v. FBI*, 2001 U.S. Dist. LEXIS 25732 at 20 (D.D.C. Apr. 20, 2001) ("The fact that the requester might be able to figure out the individuals' identities through other means or that their identities have been disclosed elsewhere does not diminish their privacy interests...")

### III.     The Privacy Interests of Antonio Roberson Under Exemption 7(C)

Plaintiff asserts in his reply that the other third-party to the requested recording, Antonio Dan Roberson, is now deceased. ECF No. 10 at 7. "The death of the subject of personal information does diminish to some extent the privacy interest in that information, though it by no means extinguishes that interest; one's own and one's relations' interests in privacy ordinarily

extend beyond one's death." *Schrecker v. United States DOJ*, 254 F.3d 162, 166 (2001) *See, e.g., Swidler & Berlin v. U.S.*, 524 U.S. 399, 406 (1998) ("the attorney-client privilege continues after death"); *Accuracy in Media, Inc. v. National Park Serv.*, 194 F.3d 120, 121 (D.C. Cir. 1999) (noting precedent under FOIA holding privacy interests continue after death). The fact that Roberson is now deceased, does not require the release of the information, but "is a relevant factor to be taken into account in the balancing decision whether to release information." *Schrecker*, 254 F.3d at 166. Here, the personal privacy protected by Exemption 7(C) does extend to Roberson's "family members who may object to the disclosure." *Nat'l Archives & Records Admin.*, 541 U.S. at 171. It has been held that nondisclosure under Exemption 7(C) is appropriate only where the information "could reasonably be expected to constitute an unwarranted invasion" of the family's personal privacy. The term "unwarranted" requires us to balance the family's privacy interest against the public interest in disclosure. *Id.*; *See DOJ v. Reporters Comm. for Freedom of Press*, 489 U.S. at 762.

When there is a privacy interest protected by Exemption 7(C) and the public interest being asserted is to show that responsible officials acted negligently or otherwise improperly in the performance of their duties, the requester must establish more than a bare suspicion in order to obtain disclosure. Rather, the requester must produce evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred. *Nat'l Archives & Records Admin.*, 541 U.S. at 174. There is a presumption of legitimacy accorded to the Government's official conduct. *United States Dep't of State* v. *Ray,* 502 U.S. 164 at 178-179(1991). Clear evidence is usually required to displace that presumption of legitimacy in Government's official conduct. *Cf. United States* v. *Armstrong,* 517 U.S. 456, 464 (1996) ("'[I]n the absence of clear evidence to the contrary, courts presume that [Government agents] have

properly discharged their official duties.'"); *United States* v. *Chemical Foundation, Inc.,* 272 U.S. 1 (1926).

Again, Plaintiff provides no support for his related claim of government misconduct – the prosecution's alleged non-disclosure of the recording. *See, e.g.*, Motion for Summary Judgment ECF No. 8 ¶ 22, Comp., ECF No.1 ¶ 2-5; Luczynski Decl. Exhibits A & C.

## **CONCLUSION**

The Court should grant Defendant's Motion for Summary Judgment.

Dated:  March 24, 2014

                                            Respectfully submitted,

                                            RONALD C. MACHEN JR., D.C. Bar #447889
                                            United States Attorney

                                            DANIEL F. VAN HORN, D.C. Bar #924092
                                            Chief, Civil Division

By:    */s/ Timothy Broomhead*
               Timothy Broomhead, IL State Bar #6302485
               Special Assistant United States Attorney
               555 4th Street, N.W., E-4916
               Washington, D.C.  20530
               Tel: (202) 252-2569
               Fax: (202) 252-2599
               timothy.broomhead@usdoj.gov