UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| David Wilson,<br>　　　　Plaintiff,<br><br>v.<br><br>United States Department of Justice, et.al.,<br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)　Civil Action No. 13-cv-02053 JEB<br>)<br>)<br>)<br>)<br>)<br>) |

## DECLARATION OF KARIN KELLY

I, Karin Kelly declare the following to be a true and correct statement of facts:

1. I am a Paralegal Specialist, and FOIA Coordinator in the Civil Division of the United States Attorney's Office for the District of Columbia. ("USAO-DC"). My responsibilities include serving as a liaison (Freedom of Information Act Coordinator) to the Freedom of Information Act and Privacy Act Staff ("FOIA/PA Staff") for the Executive Office for United States Attorneys ("EOUSA") in Washington, D.C. My duties require me to receive and be assigned requests filed under both the Freedom of Information Act ("FOIA"), 5 U.S.C. §552, and the Privacy Act of 1974 ("PA"), 5 U.S.C. §552a, when requested records are identified as likely to be located in the District of Columbia.

2. The statements I make in this declaration are made on the basis of my search for official files and records of the USAO-DC and my personal knowledge, including knowledge acquired by me through the performance of my official duties.

3. I understand that this declaration may be used by the defendant in the above-captioned lawsuit.

4. Due to the nature of my official duties, I am familiar with the procedures followed by this office in responding to FOIA/PA requests including the request made by David Wilson.

5. On June 13, 2014, I received an e-mail message from David Luczynski of EOUSA. The message contained an attachment with a FOIA request from David Wilson.

6. Mr. Luczynski informed me that the request is currently in litigation and therefore should be afforded the highest priority. He asked me to search the district files for any responsive records.

7. After reviewing the request, I logged onto the Public Access To Court Electronic Records ("PACER") system. Using the court case number that was listed in the body of Mr. Wilson's request, I was able to view the docket for the case and ascertain that proceedings had occurred as late as this year.

8. Searching for any actions regarding David Wilson specifically, I noticed that Assistant United States Attorney ("AUSA") Stratton Strand of the Appellate Division of the USAO-DC, had handled a matter in 2013. I contacted AUSA Strand and Legal Assistant Cindy Thomas hoping that they would be able to help me locate the case file.

9. AUSA Strand put me into contact with the AUSAs that handled the trial portion of the case, and Ms. Thomas was able to direct me to the exact location of the file.

10. On June 17, 2014 I began my review of the case file. Its current location is in an office in the Appellate Division of the USAO-DC. It consists of 160 numbered boxes that are labeled with the case name and list the co-defendants. Each of the 160 boxes contain a comprehensive index that is broken down by box number and lists the contents of each box.

11. I began my search for responsive records by reviewing the box index. I noted any box where the description of the contents contained the name Bobby Capies, Ronnie Middleton,

also known as Squid, or Sabrina Bradley. I also noted boxes with the content description of "Cooperator Files", "Wire Minimization Sheets", and "Jencks Packages".

12. Of the 13 boxes of documents that I reviewed, most were not responsive to Mr. Wilson's request. I did, however, find one and one half boxes that contained information regarding the murders of Ronnie Middleton and Sabrina Bradley.

13. Mr. Wilson is seeking the actual recording, or a transcript of the recording, that was supposed to have taken place between Bobby Capies and Antonio Roberson in which Mr. Capies was wearing a body recording device.

14. Within the boxes of documents pertaining to Mr. Middleton's and Ms. Bradley's deaths, I found, in a redwell marked "Disco", a running resume created by Detective Mills. It is an account of the conversation that Mr. Wilson is seeking. It is also the only document I came across that made any mention of Bobby Capies wearing a body recording device and speaking with Antonio Roberson. I did not find an actual recording of the conversation, nor did I find a transcript of the conversation.

15. When I returned to my office, I sent Mr. Luczynski and Special Assistant United States Attorney ("SAUSA") Timothy Broomhead an e-mail detailing my discovery.

16. SAUSA Broomhead informed me that the document I had found was in fact the document that Mr. Wilson had sent in with his FOIA request.

17. As an additional measure, I also contacted, via e-mail, AUSA Gilbert Guerrero. As an AUSA that worked on the case at one time, I thought he may have some familiarity with the records that Mr. Wilson is seeking. As of the date of this declaration, I have not yet heard back from him.

- 4 -

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on _June 19,_____, 2014.

_____
Karin B. Kelly
Paralegal Specialist
FOIA Coordinator
United States Attorney's Office for
the District of Columbia